**IT IS ORDERED as set forth below:**



Date:  March 9, 2017

_____

**W. Homer Drake**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBER |
| | : | |
| SHUNTRICIA L COOPER, | : | 15-11385-WHD |
| Debtor | : | |
| _____ | : | |
| | : | |
| GUY G. GEBHARDT, | : | ADVERSARY PROCEEDING |
| Acting United States Trustee, | : | NO. 16-1032-WHD |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHUNTRICIA L COOPER, | : | IN PROCEEDINGS UNDER |
| Defendant. | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
| | : | |

### ORDER

Before the Court is the Motion for Judgment by Default filed by Guy G. Gebhardt (hereinafter the "U.S. Trustee"), Acting United States Trustee for Region 21, in the above-styled adversary proceeding.  The U.S. Trustee requests default

judgment on his complaint seeking the revocation of the discharge received by Shuntricia L Cooper (hereinafter the "Debtor") in her Chapter 7 Bankruptcy case. This is a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(a), (b), 1334.

## Procedural History

Th U.S. Trustee filed his complaint initiating this adversary proceeding on October 19, 2016. The U.S. Trustee filed an amended complaint on October 20, 2016. On October 21, 2016, the U.S. Trustee served process on the Debtor. The Debtor never filed a responsive pleading. On November 28, 2016, the U.S. Trustee filed a request for entry of default, and the next day the Clerk entered default against the Debtor. The U.S. Trustee then filed the instant motion on January 11, 2017.

## Default Judgment Principles

A court may enter judgment against a party who fails to defend his case. Fed. R. Civ. P. 55; *see also* Fed. R. Bankr. P. 7055 (making Rule 55 applicable in adversary proceedings); *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244 (11th Cir. 2015) (per curiam) ("When a defendant has failed to plead or defend, a district court may enter judgment by default."). When a defendant does not respond to the plaintiff's complaint, he is "deemed to admit the plaintiff's well-pleaded allegations of fact, [but] he is not held to admit facts that are not well-

pleaded or to admit conclusions of law." *Surtain*, 789 F.3d at 1245; *accord Giovanno v. Fabec*, 804 F.3d 1361 (11th Cir. 2015) (per curiam); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam). Finally, a court may only enter default judgment if the plaintiff's well-pleaded allegations of fact "actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC*, 218 F. App'x at 863; *see also Surtain*, 789 F.3d at 1245 ("[T]he standard [is] akin to that necessary to survive a motion to dismiss for failure to state a claim.").

With these guiding principles in mind, the Court turns to the facts stated in the U.S. Trustee's complaint.

## Background

A. The Bankruptcy Cases

The Debtor filed her Chapter 7 case on June 30, 2015. On July 23, 2015, the Debtor filed her Statement of Financial Affairs (hereinafter "SOFA"), Schedules A through J, and her Chapter 7 Statement of Current Monthly Income (hereinafter "Means Test Form"). The Debtor's SOFA and Means Test Form both bear her signature attesting to their correctness under penalty of perjury. The Debtor also signed and submitted a Declaration Concerning Debtor's Schedules, swearing,

under penalty of perjury, that her Schedules were correct to the best of her knowledge, information, and belief.

The meeting of creditors was held on September 18, 2015. On October 19, 2015, the Debtor filed an Amended Schedule B, in which she disclosed a potential personal injury settlement—the Debtor had been in an automobile accident in May of 2015. On October 21, 2015, the Debtor received a discharge. Her case remains open.

On March 31, 2016, the Debtor filed a petition initiating a Chapter 13 case. On May 5, 2016, the U.S. Trustee filed a motion seeking permission to conduct a Rule 2004 examination of the Debtor, as the U.S. Trustee had learned that the Debtor had failed to timely disclose one or more assets. Specifically, the U.S. Trustee had been contacted on April 29, 2016, by an attorney who had information concerning the Debtor's undisclosed interest in a probate estate (the Debtor's mother passed away on March 15, 2015) as well as in certain real property.

On May 5, 2016, the same day the U.S. Trustee filed his motion for an examination, the Debtor filed amended Schedules A and C in her Chapter 7 case. In this filing, the Debtor disclosed her interest in real property known as 3716 Treebark Trail, Decatur, Georgia (hereinafter "the Property").

The U.S. Trustee held his 2004 examination on July 14, 2016. At the examination, the U.S. Trustee discovered that the Debtor had received $43,000 from a life insurance policy in April of 2015.

B. The Non-Disclosures

Based on his investigation, the U.S. Trustee alleges three omissions from the Debtor's Schedules filed on July 23, 2015. The Court will address each in turn.

1. *Life Insurance Proceeds*

In response to Item 2 in her SOFA, which requires the disclosure of income received other than from employment or operation of business for two years prior to the filing of the petition, the Debtor disclosed that she had received food stamps in 2015, but did not disclose that she had received the $43,000 in life insurance proceeds. The Debtor also failed to include the $43,000 when computing her current monthly income on her Means Test Form. The Debtor also did not disclose the $43,000 in her Chapter 13 case.

2. *Personal Injury Claim*

In response to Item 8 of her SOFA, which requires the disclosure of losses from fire, theft, or other casualty within one year of the petition, the Debtor provided no information, despite having been in an automobile accident approximately a month before she filed her case. Though she later amended her

Schedule B to disclose her potential personal injury claim, the Debtor did not disclose it in her Schedule B filed on July 23, 2015.

*3. Decedent's Estate*

In response to Item 4 of her SOFA, which requires the disclosure of suits and administrative proceedings to which the debtor is or was a party within one year prior to the petition date, the Debtor did not disclose that she was seeking to be appointed as administrator of her mother's probate estate. This was despite the fact that the Debtor had signed a verification attached to a petition for letters of administration on May 6, 2015, that was filed on June 8, 2015—all before the filing of the petition. The Debtor also did not disclose her interest in the probate estate on her initial Schedule B.

## Discussion

The U.S. Trustee's complaint contains six counts: (I) the Debtor concealed or falsified papers from which financial situation could be ascertained; (II) the Debtor knowingly and fraudulently made false oaths; (III) the Debtor concealed property of the estate; (IV) the Debtor concealed property of the estate and made false oaths in her Chapter 13 case; (V) the Debtor acquired or became entitled to property of the estate without reporting her acquisition or entitlement; and (VI) the Debtor failed to produce recorded information regarding the receipt and disposition of the life insurance proceeds. These six counts all lead to one prayer for relief,

i.e., the U.S. Trustee's requests that the Court revoke the Debtor's discharge pursuant to § 727(d).

A. Revoking the Discharge Generally

Section 727(d) allows the U.S. Trustee to request revocation in four situations, two of which the U.S. Trustee asserts are relevant here: (1) the "discharge was obtained through the fraud of the debtor, and the [party requesting revocation] did not know of such fraud until after the granting of such discharge;" and (2) "the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee." 11 U.S.C. § 727(d). In the instant proceeding, the U.S. Trustee seeks revocation under both subsections (1) and (2) of § 727(d). The Court notes that revocation is an extraordinary remedy, and, therefore, courts should liberally construe the provisions of § 727(d) in favor of debtors. *See Underwood v. Britt & Sons Elec. Wholesale, Inc. (In re Underwood)*, 2013 WL 4517905, at *2 (Bankr. N.D. Ga. Aug. 15, 2013) (Hagenau, J.). The U.S. Trustee bears the burden of proving the application of § 727(d) by a preponderance of the evidence. *Gebhardt v. Seedor (In re Seedor)*, 2014 WL 1600857, at *5 (Bankr. M.D. Fla. Apr. 17, 2014).

B. Timeliness of the Complaint

The U.S. Trustee may request revocation under subsection (1) "within one year after the discharge is granted," and may request revocation of the discharge under subsection (2) "before the later of—(A) one year after the granting of such discharge; and (B) the date the case is closed." 11 U.S.C. § 727(e).

Here, the Debtor received her discharge on October 21, 2015, but her case remains open. The U.S. Trustee filed his complaint on October 19, 2016, and filed his amended complaint on October 20, 2016. Consequently, the U.S. Trustee's complaint is timely under either subsection.

C. Revocation Under § 727(d)(1)

As stated above, subsection (d)(1) empowers a court to revoke a debtor's discharge if the debtor obtained the discharge through fraud and the party seeking revocation did not have knowledge of the fraud prior to the entry of the discharge. *See* 11 U.S.C. § 727(d)(1). Courts applying subsection (d)(1) have looked for three criteria: "(1) the debtor obtained the discharge through fraud; (2) the creditor possessed no knowledge of the debtor's fraud prior to the granting of the discharge; and (3) the fraud, if known, would have resulted in the denial of the discharge under 11 U.S.C. § 727(a)." *The Cadle Co. v. Parks-Matos (In re Matos)*, 267 F. App'x 884, 887 (11th Cir. 2008) (per curiam); *accord In re Seedor*, 2014

WL 1600857, at *5; *Walton v. Paul (In re Paul)*, 2012 WL 4894581, at *3 (Bankr. N.D. Ga. Aug. 20, 2012) (Drake, J.).

A complaint seeking revocation of the discharge may be based on conduct falling under § 727(a)(4). *See In re Paul*, 2012 WL 4894581, at *3. That statute denies a debtor a discharge if the debtor "knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account." 11 U.S.C. § 727(a)(4). Thus, the Court will focus on Count II of the U.S. Trustee's complaint, which alleges that the Debtor knowingly and fraudulently made false oaths.

A "false oath" for the purposes of § 727(a)(4) may include intentional omissions from the debtor's schedules and SOFA. *Williams v. Williams (In re Williams)*, 2013 WL 6017464, at *6 (Bankr. M.D. Ga. Nov. 12, 2013); *Shinhan Bank Am. (Inc.) v. Kim (In re Kim)*, 2011 WL 5902461, at *5 (Bankr. N.D. Ga. Oct. 27, 2011) (Sacca, J.); *E. Diversified Distributors, Inc. v. Matus (In re Matus)*, 303 B.R. 660, 676-77 (Bankr. N.D. Ga. 2004) (Mullins, J.). The omission must be made with actual fraud, but that fraud may be inferred from the circumstances. *See Jennings v. Maxfield (In re Jennings)*, 533 F.3d 1333, 1339 (11th Cir. 2009) (per curiam); *In re Kim*, 2011 WL 5902461, at *6; *In re Matus*, 303 B.R. at 676. For example, evidence of a series of omissions has been found particularly condemnatory. *See Protos v. Silver (In re Protos)*, 322 F. App'x 930, 933 (11th Cir. 2009) (per curiam) ("[W]e find that the repeated nature of non-disclosures and

improper disclosures made by the Appellant in his schedules and SOFA supports the bankruptcy court's finding of fraudulent intent."); *In re Matus*, 303 B.R. at 679 ("The amended Schedules and Statement of Financial Affairs are replete with numerous significant omissions and riddled with inaccuracies, which are indicative of a pervasive pattern clearly warranting the conclusion that they were not due to mistake or oversight."). Subsequent disclosure does not mitigate the initial fraud. *See Villas on the Green, Inc. v. Trauger (In re Trauger)*, 101 B.R. 378, 382 (Bankr. S.D. Fla. 1989) ("[I]f this type of conduct were to be condoned and would cure denial of discharge, chaos in the Bankruptcy Courts would result because [debtors] would be encouraged to falsify filings with the concept of a later remedy by disclosure if it subsequently appeared that the false filings would be discovered.").

In addition to being fraudulent, the omission must also relate to subject matter that is "material." The subject of an omission is "'material'…if it bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984) (per curiam); *accord In re Kim*, 2011 WL 5902461, at *6. This is a broad definition, and serves to promote the debtors "uncompromising duty to disclose." *See In re Kim*, 2011 WL 5902461, at *6 (quoting *Lincoln Savs. Bank v. Freese (In re Freese)*, 2011 WL 2604750, at *5 (Bankr. N.D. Iowa June 30, 2011)).

In the instant proceeding, the Debtor is alleged to have made false oaths by failing to disclose her interest in the life insurance policy, her personal injury claim, that she was involved in the probate filing, and that she had an interest in her mother's estate.  The Debtor was required to disclose these assets and involvements, which are "material" as that term is used here, but did not.  While failing to disclose one of her assets could be seen as inadvertent, the mulitiplicity of the Debtor's omissions indicates that the Debtor acted with fraudulent intent.  That she subsequently disclosed the existence of her assets and her involvement in her mother's probate estate does not diminish that initial fraudulent intent.  Consequently, the Court concludes that the Debtor fraudulently omitted those assets and involvements from her Schedules and SOFA filed on July 23, 2015.

Having concluded that the Debtor's conduct would have constituted a violation of § 727(a)(4), the only thing remaining for the Court to determine is whether the U.S. Trustee, as the party seeking revocation, "did not know of such fraud until after the granting of such discharge."  *See* 11 U.S.C. § 727(d)(1).  "A party seeking revocation has 'knowledge,' as that term is used in relation to § 727(d)(1), when the party 'knows facts such that he or she is put on notice of a possible fraud.'" *Gebhardt v. Thompson (In re Thompson)*, 561 B.R. 581, 587 (Bankr. N.D. Ga. 2016) (Drake, J.) (quoting *Mid-Tech Consulting, Inc. v. Swendra*, 938 F.2d 885, 888 (8th Cir. 1991)).

In the instant proceeding, the facts as stated in the U.S. Trustee's complaint show that the U.S. Trustee did not have knowledge of the Debtor's failure to disclose her involvement with her mother's probate estate, the Debtor's interest in that estate, or the Debtor's receipt of the $43,000 in life insurance proceeds. The U.S. Trustee first learned of the probate estate on April 29, 2016, and first learned of the insurance proceeds at the 2004 examination held on July 14, 2016—both well after the Debtor received her discharge.[1]

Therefore, the U.S. Trustee's complaint states sufficient facts to find that the Debtor's discharge should be revoked pursuant to § 727(d)(1).

D. The U.S. Trustee's Other Grounds for Revocation

As the Court has determined that the Debtor's discharge should be revoked pursuant to § 727(d)(1), it is not necessary to address the U.S. Trustee's other grounds for revocation. *Cf. In re Protos*, 322 F. App'x at 932-33 ("A finding against the Appellant under any single subsection of section 727 is sufficient to deny him a discharge.").

---

[1] Because the Court concludes that the U.S. Trustee did not have knowledge of the Debtor's failure to disclose these assets, it need not address whether the U.S. Trustee also lacked knowledge of the Debtor's failure to disclose the personal injury claim, which was disclosed on an amended Schedule B filed on October 19, 2015—two days before the Debtor received her discharge.

## Conclusion

Because the allegations in the U.S. Trustee's complaint, taken as admitted due to the Debtor's default, are sufficient to support a claim under § 727(d)(1), it is hereby **ORDERED** that the U.S. Trustee's Motion for Judgment by Default is **GRANTED**. The Debtor's discharge received in Bankruptcy Case 15-11385-WHD is **REVOKED**. Judgment will be entered for the U.S. Trustee in accordance with this order.

The Clerk is **DIRECTED** to serve this Order on the U.S. Trustee, the Debtor, the Chapter 7 Trustee, and all creditors and other parties in interest in Case 15-11385-WHD.

**END OF DOCUMENT**